Allen, J.
delivered the following as the resolution of the court:
The court is of opinion that on the demurrer to evidence, and as against the party demurring, the jury would have been justified in inferring, under the circumstances of this case, an actual settlement on and occupation of the land in controversy by Thomas Bartlett, as early as the year 1796; it appearing that as early as the year 1796 the said Thomas had settled upon, cleared and improved a tract of land, of which the land in controversy formed a part, and that he actually enclosed a portion of the land in controversy in that year. The court is further of opinion that as the tenant claims under a deed from said Thomas to his son Jesse, conveying to him the land in controversy by metes and bounds, and as the tenant has entered upon, settled and improved the land comprised within the boundaries described in the deed, and during the period he has so held the land has paid the taxes thereo'n, it is competent for the tenant to connect his possession with the possession of those under whom he claims (the same *292 never having been interrupted), and to refer to the period at which the first settlement was made by Thomas Bartlett, to ascertain the date from which the time of the settlement should be computed. And it thus appearing that the said land in controversy was settled more than thirty years prior to the location which was the foundation of the demandant’s patent, the land so settled by the tenant and those under whom he claimed was not liable to entry or location when the entry of the demandant was made; the title of the commonwealth having, by operation of law, been relinquished to and vested in the tenant prior to such entry. The court is therefore of opinion, for the reasons aforesaid, that the law upon the demurrer to evidence was for the tenant, and that there is no error in the judgment of the said circuit superior court. Therefore it is considered that the same be affirmed.
The other judges concurring, judgment affirmed.